COLUMBIA LEGAL SERVICES
Atieno Odhiambo, WSBA #30280
1704 West Broadway
Spokane, WA 99201
(509) 324-2789

NORTHWEST IMMIGRANT RIGHTS PROJECT
Matthew Adams, WSBA #28287
P.O. Box 270
121 Sunnyside Avenue
Granger, WA 98932
(509) 854-2100

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DYLAN OZZY McNIFFE,

Plaintiff,

vs.

JOHN ASHCROFT, in his official capacity as the Attorney General of the Department of Justice; TOM RIDGE, in his official capacity as Secretary of the Department of Homeland Security; JOHN POGASH, in his official capacity of Program Analyst for the Bureau of Immigration and Customs Enforcement; PHILIP CRAWFORD, in his official capacity as Acting Field Director, Seattle, Bureau of Immigration and Customs Enforcement; BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; TOMMY THOMPSON, in his official capacity as Secretary of the Department of Health and Human Services; NGUYEN VAN HANH, in his official capacity of Director of the OFFICE OF REFUGEE RESETTLEMENT, and OFFICE OF REFUGEE RESETTLEMENT,

Defendants.

No. CV03 2964

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

03-CV-02964-CMP

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 1 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

## I. PRELIMINARY STATEMENT

1. This is an action seeking declaratory, injunctive, and, in the alternative, mandamus relief against the United States Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE" or "DHS-BICE"), formerly known as the Immigration and Naturalization Service ("INS"), and the United States Department of Health and Human Services, the Office of Refugee Resettlement ("ORR"), for failing to consent to a request by a juvenile in BICE's custody to the jurisdiction of a state juvenile court so that that court can proceed with a dependency hearing for the juvenile.

2. Plaintiff is a sixteen-year-old minor being detained by BICE at a shelter care facility located in Phoenix, Arizona. He has been in BICE detention for over nine months.

3. Pursuant to instructions from ORR, and an internal DHS-BICE memorandum addressing the issue, the Plaintiff made a request to BICE seeking permission to pursue a dependency in juvenile court as the first step in applying for a Special Immigrant Juvenile Status ("SIJS"). After more than a six-month delay, BICE has not made a decision on this request. Plaintiff seeks an injunction requiring BICE to consent to juvenile court jurisdiction.

4. Plaintiff further asks this Court for a Declaratory Judgment declaring that ORR and DHS-BICE have violated his due process rights as he is *prima facie* eligible for a dependency, and they continue to detain him without granting jurisdiction to a state juvenile court to determine his eligibility as a dependent child.

## II. PARTIES

5. Plaintiff, Dylan Ozzy McNiffe ("Dylan"), is a minor currently in the custody of BICE at Southwest Key Facility ("Southwest Key") in Phoenix, Arizona.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 2 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

6. Defendant John Ashcroft is the Attorney General of the Department of Justice, and, as such, is charged with the constitutional and lawful implementation of the Immigration and Naturalization Act ("INA"). He is sued in his official capacity.

7. Defendant Tom Ridge is the Secretary of the Department of Homeland Security, and, as such, is charged with the constitutional and lawful implementation of the Immigration and Naturalization Act ("INA"). He is sued in his official capacity.

8. Defendant John Pogash is the Program Analyst for BICE in Washington, D.C., and, as such, is charged with the constitutional and lawful implementation of the Immigration and Naturalization Act ("INA"). In particular, Mr. Pogash is charged with the resolution of all requests to grant consent for jurisdiction to juvenile courts for children being detained by BICE. He is sued in his official capacity.

9. Defendant Philip Crawford is the Acting Field Director of BICE in Seattle, Washington, and, as such, is charged with the constitutional and lawful implementation of the Immigration and Naturalization Act ("INA"). He is the BICE officer currently responsible for Dylan's custody, care, well-being and processing under the INA. He is sued in his official capacity.

10. Defendant Bureau of Immigration and Customs Enforcement ("BICE"), formerly known as the Immigration and Naturalization Service ("INS"), is an agency of the United States Department of Homeland Security and is responsible for the administration of the INA, and regulations and policies issued thereunder.

11. Defendant Tommy G. Thompson is the Secretary of the Department of Health and Human Services, and, as such, oversees the Office of Refugee and Resettlement. He is sued in his official capacity.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 3 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

12. Defendant Nguyen Van Hanh is the Director of the Office of Refugee and Resettlement, and, as such, is charged with the custody, care and law enforcement of unaccompanied juveniles in removal proceedings. He is sued in his official capacity.

13. Defendant Office of Refugee and Resettlement (ORR), is an office of the Department of Health and Human Services and is responsible for the custody, care and law enforcement of unaccompanied juveniles in removal proceedings.

### III.    JURISDICTION AND VENUE

14. Jurisdiction of the Court is predicated upon 28 U.S.C. § § 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant.

15. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to the claim occurred in King County, Washington.

16. Plaintiff is detained in Phoenix, Arizona as a "room and board" detainee only. BICE in Seattle, Washington, continues to direct all proceedings in his case and to make determinations regarding his custody and immigration status, and the Immigration Court in Seattle, Washington, retains jurisdiction of his removal proceedings.

### IV.    STATEMENT OF THE FACTS

17. Plaintiff is a sixteen-year-old boy who is stateless. He was born in Maku, Iran, on October 31, 1986 to an Iranian mother and an English father.

18. At about the age of ten, Plaintiff was sent to Ireland to live with his father. His father soon kicked him out of the home, due to disagreements.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 4 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA  99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

19. Plaintiff lived on the streets of Ireland before he was smuggled into the United States for the purposes of sex tourism and drug trafficking. He was taken to Miami, Florida, where he was sold to traffickers in the sex industry. He was forced to live a life of sexual exploitation and abuse, and drug production and transportation.

20. Plaintiff ran away from Miami, Florida, with several other boys who were in the same predicament. They traveled across the United States and made it to Vancouver, Canada. While the other boys remained in Vancouver, Plaintiff decided to return to the United States.

21. Plaintiff traveled from Canada, and made it to California. While in California, he came to the attention of the Santa Clara County Department of Children and Family Services. Because he was alone, they took him into their custody and placed him in dependency proceedings. Plaintiff was declared a dependent of Santa Clara County in California on August 11, 2002, and placed in foster care.

22. Plaintiff lived with his foster family for a few months, but desired to go and look for his mother. Plaintiff left California and headed for Canada, as he believed, and was led to believe, that he could get assistance to travel to the United Kingdom from Canadian officials in British Columbia. Plaintiff traveled to the Canadian border by Greyhound bus.

23. While attempting to enter into Canada, Plaintiff was detained by Canadian immigration officials because he lacked sufficient identification. He was then handed over to BICE officials. On December 6, 2002, BICE transported and placed Plaintiff in Martin Hall Juvenile Detention Facility ("Martin Hall"), a maximum secure detention facility for delinquent juveniles. Martin Hall is located in Eastern Washington in the city of Medical Lake. Plaintiff has no criminal record. He was detained at Martin Hall for six months.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 5 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

24.  Because Plaintiff has no criminal record, on May 8, 2003, counsel for Plaintiff requested that Plaintiff be detained in a less secure facility. Pursuant to this request, Plaintiff was moved to Southwest Key in Phoenix, Arizona. Southwest Key is a shelter care facility utilized by BICE to detain undocumented, unaccompanied juveniles.

25.  Plaintiff was sent to Phoenix, Arizona solely as a "room and board" detainee, as BICE explicitly demanded that jurisdiction over him and his case remain with the Seattle Immigration Court and the Seattle BICE office.

26.  Plaintiff believes that, because he was neglected, sexually abused, and abandoned, he is eligible for Special Immigrant Juvenile Status ("SIJS").

27.  Section 101(a)(27)(J) of the Immigration and Nationality Act (the "INA") sets forth the necessary requirements for a person to be considered a Special Immigrant Juvenile. The INA states:

> An immigrant who is present in the United States . . .
>
> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State and who has been deemed eligible by that court for long-term foster care due to abuse, neglect, or abandonment;
>
> (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and
>
> (iii) in whose case the Attorney General expressly consents to the dependency order serving as a precondition to the grant of special immigrant status; except that
>
> > (I) no juvenile court has jurisdiction to determine the custody status or placement of an alien in the actual or constructive custody of the Attorney General *unless the Attorney General specifically consents to such jurisdiction*; and

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 6 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

> (II) no natural parent or prior adoptive parent of any alien provided special immigrant status under this subparagraph shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act.

(Emphasis added.)

28. Thus, according to the statute, as amended in 1997, before an applicant "in the actual or constructive custody of the Attorney General" can apply for the dependency order, the Attorney General must consent to the exercise of the state juvenile court's jurisdiction. No accompanying regulations have been promulgated to provide further guidance regarding the appropriate exercise of the Attorney General's state court jurisdiction consent authority. However, in a July 9, 1999 "Field Guidance" memorandum for Regional Directors, then-Acting INS Assistant Commissioner, clarified:

> In the case of juveniles in INS custody, the Attorney General's consent to the juvenile court's jurisdiction must be obtained before proceedings on issuing a dependency order for the juvenile are begun. Therefore, if a juvenile court issues a dependency order for a juvenile in INS custody without first obtaining the Attorney General's consent to the jurisdiction, the order is not valid.

29. The internal restructuring of the INS in April 2002, consolidated at a headquarters level the responsibility for custody and care of unaccompanied noncitizen children by creating the Office of Juvenile Affairs ("OJA"). The Director of OJA became responsible for planning, directing, managing, and coordinating all operational, adjudicative, and policy functions relating to unaccompanied noncitizen children in the custody of the INS. These functions included the responsibility to issue a timely decision to grant or deny the state court jurisdiction request for consent to an unaccompanied noncitizen juvenile.

30. On November 25, 2002, the Homeland Security Act became law, eliminating the INS as a federal agency, establishing the Department of Homeland security ("DHS"), and providing

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 7 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

statutory authority for the transfer of jurisdictional powers related to matters of immigration custody, services, and law enforcement.

31. The Homeland Security Act ("HSA") also transferred the actual and constructive custody of unaccompanied noncitizen children from INS to ORR, following any initial detention by DHS officers or another law enforcement agency. The HSA also requires transfer to ORR for the "care and placement" of noncitizen juveniles pending immigration removal proceedings.

32. Specifically, Section 462 of the HSA transferred to the Director of ORR the "functions under the immigration laws with respect to the care and placement of unaccompanied alien children that had been vested in or performed by the INS Commissioner or any officers, employees, or components of the INS." Homeland Security Act of 2002, Pub. L. No. 107-296, § 462 (2002). The OJA was the component of the INS responsible for the custody and care of unaccompanied noncitizen children, and the Director of OJA, on behalf of the Attorney General, was the officer of the INS responsible for these custodial functions before the effective date of the HSA.

33. Further, Section 456 of the HSA generally states that "a Federal official to whom a function is transferred by this subtitle may, for purposes of performing the function, exercise all authorities under any other provision of law that were available with respect to the performance of the function immediately before the effective date." *Id.* § 456(a)(2). Therefore, under the HSA, all custodial functions for the care and placement of unaccompanied noncitizen children, formerly performed by the Director of OJA, transferred to the Director of ORR.

34. This complete transfer of custodial powers includes the responsibility to render a timely decision to adjudicate, pursuant to the statute, regulations and guidelines, a request to consent to the jurisdiction of a state juvenile court in order to obtain a dependency order as a precursor to applying for relief under the SIJ statute. ORR now has the responsibility to grant or deny consent to

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 8 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

the jurisdiction of a state juvenile court to determine the custody of an unaccompanied noncitizen child, pursuant to the SIJ statute, 8 U.S.C. § 1101(a)(27)(J)(iii)(I).

35. Currently, ORR has determined that all requests for consent must be submitted and adjudicated by BICE, and personnel who previously made such decisions under the OJA are now in charge of all such similar decisions under BICE.

36. Thus, without the consent of BICE, Plaintiff is not able to proceed forward with an application for Special Immigrant Juvenile Status.

37. When he was placed in the custody of BICE, Plaintiff was in a unique situation as he had already been declared a dependent of the State of California and did not, therefore, require consent from BICE to pursue a dependency.

38. On the basis of the Santa Clara dependency order, on January 17, 2003, Plaintiff, through counsel, filed an SIJS petition with DHS, Bureau of Customs and Immigration Services ("BCIS").

39. Unfortunately, on February 27, 2003, the dependency order from Santa Clara County was dismissed because Plaintiff was still detained in Washington State and Santa Clara County did not see fit to maintain a dependency order over a juvenile outside their county and state.

40. Thus, with no valid dependency, Plaintiff's petition before BCIS was rendered moot.

41. Plaintiff, therefore, had to begin the process of applying for SIJS by first seeking consent to juvenile court jurisdiction from BICE.

42. On March 18, 2003, Plaintiff, through counsel, sent a letter to the then-Acting District Director of BICE, Aaron Wilson, in Seattle, requesting consent for juvenile court jurisdiction.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 9 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

43. BICE had previously stated that they required a 90-day turn around time to decide whether or not applicants will be granted consent for juvenile court jurisdiction. The 90-day period for Plaintiff expired on June 18, 2003.

44. As of July 1, 2003, Plaintiff still had not heard from BICE regarding the request for consent. Counsel for Plaintiff contacted John Pogash, Program Analyst for BICE. Mr. Pogash has the authority to determine whether or not consent for juvenile court jurisdiction is granted to those seeking SIJS relief. Mr. Pogash requested that counsel for Plaintiff re-submit the request for consent to him, as BICE-Seattle had apparently not forwarded the request to him. Counsel for Plaintiff re-submitted the request for consent for juvenile court jurisdiction, directly to Mr. Pogash, on July 15, 2003.

45. To date, BICE has not made a decision on Plaintiff's request for juvenile court jurisdiction. Mr. Pogash has informed Plaintiff's counsel that the delay in making a decision has been due to the fact that they cannot determine the identity of Plaintiff because Plaintiff has neither a birth certificate nor a passport.

46. Nonetheless, BICE had previously affirmed to the Immigration Court that he was a child from the United Kingdom and submitted a charging document seeking his removal to that country.

47. Plaintiff had his first immigration hearing on January 10, 2003. His case was continued to February 7, 2003. At the February 7, 2003 hearing, counsel sought to continue Plaintiff's case or, in the alternative, administratively close his case pending the outcome of Plaintiff's request for consent to juvenile court jurisdiction. The Immigration Judge denied both requests and ordered Plaintiff removed from the United States to the United Kingdom.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 10 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

48.     On February 11, 2003, counsel for Plaintiff appealed that decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed the decision of the Immigration Judge on July 24, 2003, and Plaintiff is currently under a final order of removal.

49.     Plaintiff cannot be removed from the United States as there is no proof that he is a citizen of either Iran or the United Kingdom. Plaintiff's counsel have been unable to locate a birth certificate for Plaintiff.

50.     As of this date, BICE has not made a decision, despite the amount of time that has elapsed since the initial and repeated requests were sent to BICE.

51.     The undue delay is a violation of Plaintiff's due process rights as he is *prima facie* eligible for a dependency order.

52.     Section 101(a)(27)(J)(i) of the INA reserves the determination on the veracity of a juvenile's claim of abuse to a state juvenile court; it requires that the juvenile court make the determination as to whether a juvenile is eligible for long-term foster care; and, it requires that the determination as to whether it would be in the alien's best interest to be returned to his or her previous country of origin be made in "administrative or judicial proceedings." In violation of the INA, BICE is attempting to make a determination of dependency.

53.     According to the field guidance memorandum issued, consent to juvenile court jurisdiction should be granted if: (i) it appears that the juvenile would be eligible for SIJ status if a dependency order is issued; and (ii) the dependency proceeding would be in the best interest of the juvenile.

54.     The dependency of a juvenile is not dependent on the child's identification, but, rather, dependent on whether the child is abandoned, abused or neglected. Moreover, BICE has already asserted Plaintiff's identity for purposes of seeking his removal from the United States.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 11 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

55. On information and belief, Plaintiff will receive a dependency order if he is allowed to proceed in state juvenile court.

56. Once Plaintiff obtains a dependency order from state juvenile court, he will be eligible to apply for a Special Immigrant Juvenile Status.

## V. IRREPARABLE INJURY

57. Plaintiff is threatened with immediate irreparable harm by the unlawful refusal of Defendants to grant consent to the jurisdiction of the juvenile court. Such injury includes: deprivation due process through removal from the United States; denial of rights under the INA; and the continued denial of liberty. Plaintiff has been detained by Defendants for over nine months. Plaintiff has no other adequate remedy at law.

## VI. CAUSES OF ACTION

58. Defendants' failure to grant consent to juvenile court jurisdiction in violation of Plaintiff's due process rights and the INA, the governing regulations, and in violation of Defendants' own internal memorandum and policy.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

1. Issue a declaratory judgment declaring that Defendants have violated the INA and Plaintiff's due process rights;

2. Issue a preliminary injunction:

    (a) Requiring Defendants to consent to juvenile court jurisdiction over Plaintiff so that Plaintiff can pursue a dependency action; and

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 12 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755

  (b)  Prohibit Defendants from denying Plaintiff's request for a Special Immigrant Juvenile Status on the grounds that Defendants cannot determine the identity of Plaintiff.

3. In the alternative, issue a Writ of Mandamus commanding Defendants to make a decision on Plaintiff's application for consent to state juvenile court jurisdiction;

4. Award reasonable costs and attorneys' fees; and

5. Grant Plaintiff such other relief as the Court deems appropriate and just.

Respectfully submitted on this ____2nd____ day of October 2003.

_____
Atieno Odhiambo, WSBA #30280
Columbia Legal Services
1704 West Broadway
Spokane, WA 99201
(509) 324-2789

_____ for Matt Adams
Matt Adams, WSBA #28287
Northwest Immigrant Rights Project
121 Sunnyside Avenue
Granger, WA 98932
(509) 854-2100

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 13 of 13

COLUMBIA LEGAL SERVICES
1704 WEST BROADWAY
SPOKANE, WA 99201
TELEPHONE (509) 324-2789
FAX (509) 324-2755